IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES ADAM JACKSON,

                Petitioner,

v.

UNITED STATES,

                Respondent.

ORDER

10-cv-373-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner James Jackson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and requests leave to proceed in forma pauperis. A determination on whether petitioner may proceed in forma pauperis cannot be made at this time because the trust fund account statement does not cover the full six-month period immediately preceding the filing of his petition.

The petition was submitted on July 1, 2010. Petitioner's trust fund account statement should cover the period beginning approximately January 1, 2010 and ending approximately July 1, 2010. Instead, it covers a two-month period beginning April 30, 2010 and ending June 26, 2010.

In determining whether a petitioner is indigent for the purpose of filing a § 2241

1

Copy of this document has been provided to: _____
this ___ day of ___, 20___
by _____
S. Vogel, Secretary to
Judge Barbara B. Crabb

petition, this court calculates the average monthly deposits and the average monthly balances in the petitioner's prison account for the six-month period mentioned above. If 20% of the greater of these two figures is $5 or more, then the petitioner is not eligible for indigent status and must prepay all of the $5 filing fee. If 20% of the greater of these two figures is less than $5, the petitioner must prepay whatever portion of $5 the 20% calculation works out to be.

If I were to attempt to determine petitioner's indigence using the two-month statement petitioner has provided, I would have to conclude that he does not qualify for indigent status. Petitioner's trust fund account statement reveals that he has deposits of more than $500 for the two month period covered by his account statement. However because petitioner's financial circumstances may show otherwise for the full six-month period, I will allow him the opportunity to supplement his account statement for the full six-month period.

Because I cannot determine whether petitioner qualifies for indigent status, I will stay a decision on his request for leave to proceed in forma pauperis until he supplements his trust fund account statement with a statement beginning approximately January 1, 2010 and ending approximately April 29, 2010. Alternatively, if petitioner knows he will not qualify for indigent status in light of the manner the in forma pauperis statute requires his indigence to be determined, he may submit the $5 filing fee. In any event, petitioner should act

2

quickly. If, by July 29, 2010, petitioner does not submit either the $5 payment or a supplemental trust fund account statement, his request for leave to proceed in forma pauperis will be denied and this action will be closed.

ORDER

IT IS ORDERED that petitioner James Adam Jackson may have until July 29, 2010, in which to submit a supplemental trust fund account statement for the period beginning approximately January 1, 2010 and ending approximately April 29, 2010. Alternatively, petitioner may have until July 29, 2010, in which to pay the $5 fee for filing his petition. If, by July 29, 2010, petitioner does not pay the filing fee or submit the required trust fund account statement, the clerk of court is directed to close this case for petitioner's failure to prosecute.

Entered this 8th day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge