IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES ADAM JACKSON,

                                                                    ORDER

                   Petitioner,

                                                               10-cv-373-bbc

     v.

CAROL HOLINKA,

                 Respondent.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Petitioner James Adam Jackson has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and has paid the filing fee. He contends that there is insufficient evidence to support his conviction under 18 U.S.C. § 924(c)(1)(A), which imposes a mandatory minimum prison sentence when a person "uses or carries a firearm" during "any crime of violence or drug trafficking crime" or "possesses" a firearm "in furtherance of the crime."

---

[1] Petitioner named "United States" as the respondent, but the proper respondent is petitioner's custodian. al-Marri v. Rumsfeld, 360 F.3d 707, 712 (7th Cir. 2004). Carol Holinka is the warden of the Federal Correctional Institution in Oxford, Wisconsin. Although petitioner does not identify his place of incarceration in his petition, he lists the Oxford prison as the return address on the envelope in which he sent the petition. I have amended the caption to reflect the correct respondent. Best v. City of Portland, 554 F.3d 698 (7th Cir. 2009) (substituting proper defendant in official capacity case).

1

Before I may consider the merits of the petition, petitioner must show that he is in compliance with 28 U.S.C. § 2255(e). A federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255, except in limited circumstances. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). Relief under § 2241 is available only when a motion under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255(e), which means that "a structural problem in § 2255 forecloses even one round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002). Further, a prisoner may not show that a motion under § 2255 is "ineffective" simply because that remedy is no longer available, either because the deadline for filing such a motion has passed or the prisoner has filed a previous motion under § 2255 and cannot satisfy the requirements for filing a second motion under § 2255(h). Unthank v. Jett, 549 F.3d 534, 535-36 (7th Cir. 2008) (rejecting argument that "whenever § 2255(h) closes the door to a renewed challenge under § 2255, then § 2255(e) must open the door to a challenge under § 2241"); Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by making his section 2255 remedy inadequate.")

Petitioner acknowledges the general rule that § 2241 may not be used to challenge a conviction unless § 2255 was inadequate or ineffective, but he makes no showing that he

2

meets this exception. He says that he is "actually innocent" of § 924(c)(1)(A), but that is only half of the test. Petitioner must show that he is actually innocent *and* that "a structural problem in § 2255 forecloses even one round of effective collateral review." Taylor, 314 F.3d at 835.

I will give petitioner an opportunity to explain why a motion under § 2255 was inadequate to challenge his conviction. In addition, petitioner must identify whether he was convicted under subsection (i), (ii) or (iii) of § 924(c)(1)(A), whether he pleaded guilty to the charge, what sentence he received, when his sentence was imposed, whether he appealed the conviction and sentence and whether he filed any post conviction motions for relief. In addition, if a trial was held, petitioner should summarize the evidence that was presented at trial. Finally, the amended petition should identify the prison where he is housed, name petitioner's custodian as the respondent and be verified in accordance with 28 U.S.C. § 2242. That is, petitioner must declare under penalty of perjury that everything in the petition is true and correct. 18 U.S.C. § 1621.

ORDER

IT IS ORDERED that petitioner James Adam Jackson may have until August 9, 2010, to file an amended petition showing that a motion under 28 U.S.C. § 2255 would be "inadequate or ineffective to test the legality of [petitioner's] detention." If petitioner fails

3

to respond by August 9, I will deny the petition for his failure to show that he is in custody in violation of federal law.

    Entered this 27th day of July, 2010.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge