IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES ADAM JACKSON,

                                                                                                       ORDER

                        Petitioner,

                                                                                                         10-cv-373-bbc

    v.

CAROL HOLINKA,

                        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner James Adam Jackson has responded to this court's order directing him to file an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 to clarify the scope of his claim and explain why 28 U.S.C. § 2255 was "inadequate or ineffective to test the legality of [his] detention," as he is required to do under § 2255(e). The amended petition shows that § 2241 is not the proper vehicle for petitioner to challenge his conviction.

      Petitioner admits he has not filed a motion under §2255. Under § 2255(f)(1), he has at least one year from the date his judgment of conviction became final to file a § 2255 motion. He alleges that he was sentenced in March 2010, so he has time to seek relief under § 2255.

      Petitioner seems to believe that relief under § 2255 is more limited than § 2241, but that is not the case. Under § 2255(a), a federal prisoner may bring a claim that he should

1

be released on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Thus, the scope of the claims he may bring under § 2255 is broad.

It may be that petitioner's ability to obtain relief under § 2255 is limited because he admits he did not file a direct appeal. Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002)("When an issue is not raised on direct appeal, but later attacked collaterally via a petition for post conviction relief, the petitioner will be barred from collateral review unless he can show good cause for failing to raise the issue and actual prejudice [or if] refusal to consider the issue would be a fundamental miscarriage of justice."). However, that rule would apply equally to a petition under § 2241.

Accordingly, I am dismissing the petition under § 2255(e). If petitioner wishes to challenge his conviction, he must do so by filing a motion under § 2255 with the court that sentenced him. (Petitioner does not say where he was sentenced, but a review of records available on the Public Access to Court Electronic Records (PACER) website shows that he was sentenced in the District of Kansas.)

ORDER

IT IS ORDERED that petitioner James Adams Jackson's petition for a writ of

habeas corpus under 28 U.S.C. § 2241 is DENIED under 28 U.S.C. § 2255(e).

Entered this 27th day of August, 2010.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge